Freeman, J.,
delivered the opinion of the Court.
This was an agreed case submitted to the Second Chancery Court of Memphis, to determine the right of the city to collect taxes assessed upon certain real estate for the year 1870-1. The property was owned by Thos. B. and Flora C. Turiey, and had been used by them ,as a residence. On the 1st of October, 1869, they leased it to L. May for two years. Nothing was said in the lease about the payment of taxes, by the lessees, or the purpose for which' the property was to be used, but it was understood between the parties that the property was to be used for carrying on a female school, for which purpose it was well adapted. It was also understood that May and his associates contemplated applying for a charter for their institution. And it was understood, that in the event the charter was granted, and the property used by the school exempted from taxation, then some deduction should be made in the amount of rents agreed to be paid by the proprietors of said school. ,
The property was occupied by May and his associates for school purposes, from the 1st of October, 1869. On the 10th of December, 1869, the Legislature granted a charter creating the Tlirley E. and F. *848 F. Institute for educational purposes, and in the year 1870; the date is not shown; the corporation organized under its charter, and held and used the property from that time for the purposes of a school. It is stated in the record that Thos. B. and F. C. Turley' are about again to occupy the property, the lease having expired. It is claimed by the institute, that under its charter and the general laws, the property is exempt for the years 1870-1. It is agreed that the exemption if allowed, will enure to the benefit of the “institute,” as the owners have agreed in the event the property is exempt, they will release part of the rents due, and we suppose they mean enough to cover the taxes, though this is not clearly stated, and they have refrained from collecting part of the rents, enough to cover the taxes.
The property was duly assessed • in the names of Thos. B. and Flora C. Turley. Many questions have been argued as to the powers of the Legislature to grant such exemptions, and. whether or not such property of this character was intended to be exempt, and also as to the effect of the new Constitution. We do not deem it important to discuss these questions. We should not entertain serious doubt as to the power of the Legislature to make such exemptions. And the exemptions seem very broad and expressed in this case. As we understand the record, it shows that the owners leased the property to May for two years, for a fixed and specified rent; as between them, the owners were to pay the taxes. \
It is to be inferred, though not clearly stated, that *849 Upon the organization of the corporation, the benefit of the lease was assigned to it, whereby the corporation became bound to pay the owners the rents agreed upon, or at least, that remaining; unpaid. It does not appear that the corporation was organized before the assessment made for the year 1870, or what time in the year 1870 it was' organized.- Certainly all other questions aside, the exemption could not begin before the corporation was organized. For all that appears it may have been organized on the last day of December.
It is clear, therefore, upon this ground alone, we can not adjudge this property exempt from taxes for the year 1870, in favor of a corporation that does not affirmatively appear to have been in existence any material part of the year, particularly when the taxes were assessed and become due.
As to the year 1871, if the property is exempt, this exemption is in fovor of the corporation under its charter, but the corporation was never liable for the taxes, and it is not now liable.
The owners are liable, and the property is liable, and if the taxes are collected, they must be collected from that source. The city has no claim against the corporation but the argument is, that if the taxes are released to the owners, they will give to the corporation the benefit of this, by crediting the amount on the balance of the rents due, and in this mode the exemption will enure to the benefit of the corporation.
This is founded upon the contract made when the lease was made and before the corporation was in existence, and although the owners may have assented "" *850 to it since, this must be regarded as voluntary upon their part. And should we now declare the property exempt, the question whether the institute would get the benefit of it, would still ■ be open for adjudication between it and the owners.
We are of opinion that the decree is erroneous. It will be reversed and entered for the defendant.